[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an underinsured motorist action arising out of the tragic death of the son of the named plaintiff (plaintiff) while he was a pedestrian. The defendant noticed the deposition of the plaintiff who moved for a protective order because the defendant had filed a declaratory judgment action in the United States District Court for the Middle District of Florida, Tampa Division. The plaintiff claims that since that declaratory judgment action may be dispositive and because she and her surviving son, the plaintiff Liam Clohessy, already have had to endure great emotional distress as a result of witnessing the death of the decedent, she should not be made to endure a reliving the tragedy in what may become an unnecessary deposition.
The plaintiff's motion is governed by Practice Book § 221.[1] While a fellow human being can only have enormous sympathy for a parent whose young child predeceases her, the court cannot grant the motion as it is framed. First, the motion does not fall fairly within the ambit of § 221. Second, it is the plaintiffs who have invoked the jurisdiction of the court. As the defendant reminds the court, the pleadings are closed and the case is claimed to the jury trial list. To grant this motion could leave the defendant unprepared and at the mercy of our case flow system should the Florida action not prove dispositive. This would not be fair to the defendant.
The motion is denied without prejudice to the plaintiff's filing a motion to stay this action pending the final disposition of the action pending in the United States District Court for the Middle District of Florida, Tampa Division, together with a proposed scheduling order protecting the interests of both parties should the Florida action not be dispositive.
BY THE COURT
Bruce L. LevinJudge of the Superior Court